## NORTHERN MOTORS CORPORATION v. DIVCO–TWIN TRUCK CO.

### No. 8307.

District Court, E. D. Michigan, S. D.
May 25, 1939.

Harness, Dickey & Pierce, of Detroit, Mich., and Thomas Francis Howe, of Chicago, Ill., for petitioner.

Strauch & Hoffman, of Washington, D. C., and Joseph T. Schiappacasse, of Detroit, Mich., for respondent.

MOINET, District Judge.

This matter is before the Court on a motion to dismiss filed by defendant, a petition for declaratory judgment based upon the Federal Statute. The matter was argued before the Court, and briefs have been furnished by counsel respectively.

The motion to dismiss, being the equivalent of a demurrer, the rule in such cases being that the Court is called upon to interpret the allegations in such petition, and accept all such allegations as being true, and determine whether such petition presents a cause of action based upon the Federal Act.

"In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration." Jud.Code Section 274d, 28 U.S.C. A. § 400.

The petition alleges, among other things, that the petitioner owns and controls patents covering improvements in the construction of motor delivery vehicles which are driven by an operator in a standing position, and that respondent has wilfully and wrongfully claimed to prospective licensees of such petitioner, and to numerous customers and prospective customers of the petitioner's licensee and to the trade and public generally, that by its ownership of the so-called Bacon patent No. 1,925,893 it possesses the sole and only right to manufacture and sell motor vehicles of this type, and by such assertions so made to lead those to whom they are made to believe that an adjudication of said Bacon patent has established its alleged rights; and untruthfully charging that the manufacture and sale of any motor vehicle of said type (including those made under petitioner's patents) is an infringement of said Bacon patent and that by reason of such assertions so made by said defendant and its agents and representatives, it is interfering with and greatly injuring said petitioner's business. The petition further presents the question of the validity of the Bacon patent, and also whether or not it covers certain devices for use in the construction of motor vehicles of the type involved, or whether it covers every motor vehicle of this type, and prays that respondent be enjoined from the publication of such untruthful claims and charges.

It further charges that in 1937 the respondent brought suit in the United States District Court of Pennsylvania against International Harvester Company

for infringement of the Bacon patent here in controversy and that by stipulation of the parties said suit was dismissed without prejudice; that following the dismissal of said suit respondent with the intent of interfering with the business of the petitioner and its sublicensees, issued and gave wide circulation to statements that it is "the only concern which has the right to make or sell motor vehicles driven by an operator in a standing position," which statement was published and circulated in catalogs, and that respondent caused the publication of many supposed news articles in effect that it was the only concern having the right to make this type of vehicle, and by sending such publication to the publishers of newspapers, magazines and trade journals throughout the country in a circular letter, requesting that such circular letter be published, a copy of such publications being included in the petition filed herein. It is further alleged that the respondent has no exclusive privilege to manufacture and sell motor vehicles driven by an operator in a standing position nor the right to assert any such exclusive privileges.

The petition further avers that the claims of the Bacon patent are invalid and void in that all material and substantial parts thereof have been patented or described and were known and used by others more than two years prior to Bacon's application; that they do not disclose any patentable subject matter and are not directed to a standup drive vehicle; that Bacon was not the original, first and sole inventor of the improvements covered by said patent but that he surreptitiously and unjustly obtained said patent for that which was not his own invention but which was in fact made by others.

Petition further avers that petitioner had negotiations with various manufacturers who desired to secure licenses by which they might manufacture vehicles of this type under petitioner's patents, but that such negotiations were terminated by the prospective licensees when they learned of the widespread circulation of respondent's assertions as to its supposed rights under the Bacon patent. The petitioner specifically avers further damages ensuing from the false circulation of such claims by defendant, charging that its business has been greatly damaged, and prays for a declaratory judgment as to the validity of the Bacon patent also in the event that said Bacon patent or any of its claims be found valid, for a declaration as to whether it covers all vehicles of this type, irrespective of how they are constructed.

Applying the appropriate rule, that all allegations contained in the petition are accepted as true, the Court upon a thorough examination of all of the facts alleged and set forth in the petition for declaratory judgment herein, and upon study of the various decisions cited by counsel respectively in their briefs, the Court is persuaded that such petition alleges and sets forth an actual controversy between the parties herein, and that said petitioner can lawfully maintain its suit herein, and upon presentation of sufficient proof upon the said hearing, would be lawfully entitled to the relief prayed for in such petition.

Accordingly, an order may be prepared and submitted, denying the motion to dismiss the petition filed herein.